IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINN CONSTRUCTION, INC. | : | CIVIL ACTION |
| | : | NO. 07-0406 |
| v. | : | |
| | : | |
| SKANSKA USA BUILDING, INC.; | : | |
| TOD WILLIAMS BILLIE TSEIN | : | |
| ARCHITECTS, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA; HARLEYSVILLE | : | |
| MUTUAL INSURANCE COMPANY | : | |

O'NEILL, J.                                                                                      JUNE 10, 2008

MEMORANDUM

On January 31, 2007 plaintiff Quinn Construction, Inc. filed a complaint alleging claims for breach of contract and negligent misrepresentation against defendants Skanska USA Building, Inc. and Tod Williams Billie Tsein Architects LLP.

On March 19, 2007 defendant Architects filed its answer to Quinn's complaint along with a crossclaim against defendant Skanska. On March 28, 2007 defendant Skanska filed its answer to Quinn's complaint along with a counterclaim against Quinn, a crossclaim against defendant Architects, a third-party complaint against third-party defendants the Trustees of the University of Pennsylvania and Harleysville Mutual Insurance Company. Skanska's third-party complaint alleges claims for indemnity, breach of contract, a violation of the Pennsylvania Prompt Payment Act and quantum meruit against the Trustees, and a claim for breach of subcontract performance bond against Harleysville. On May 16, 2007 third-party defendant Harleysville filed its answer

1

to the third-party complaint. On June 1, 2007 third-party defendant the Trustees filed its answer to the third-party complaint along with a counterclaim against Skanska and a crossclaim against Architects.

On December 28, 2007 defendant Architects filed motions to dismiss Quinn's complaint and Skanska's crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file certificates of merit. Before me now are the motions, plaintiff Quinn's response, defendant Skanska's response, Architects' replies, and third-party defendant the Trustees' omnibus response. For the reasons stated below, I will deny defendant Architects' motions.

BACKGROUND

Defendant Skanska served as the general contract for two private construction projects owned by third-party defendants the Trustees of the University of Pennsylvania. Skanska entered into two written subcontracts with plaintiff Quinn for certain concrete work on the projects. Both written subcontracts specifically referred to and incorporated by reference a number of documents including specifications, drawings, project schedules, addenda, bulletins, site logistic plans, orientation, and procedures. As the projects' architect of record, defendant Architects was responsible for preparing the projects' drawings, specifications, addenda, and bulletins.

Plaintiff's complaint alleges that Quinn relied upon the drawings, specifications, addenda, and bulletins prepared by Architects for the projects in preparing its bids, executing its subcontracts with Skanska, planning and scheduling its work, and performing its work. Quinn alleges that continuous design changes by Architects, Architects' failure to complete drawings previously represented as 100% complete, and Architects's failure to review and approve Quinn's shop and coordination drawings in a timely manner created an unreasonably and

2

unforeseeably lengthy submissions process between Quinn and Architects. This lengthy submissions process denied Quinn the opportunity to have its materials delivered to the projects in a timely manner and caused Quinn to incur overtime labor expenses to adhere to the projects' schedule.

Skanska's crossclaim against Architects demands judgment for indemnity and/or contribution for whatever amount Skanska is found liable to Quinn. Skanska's crossclaim also alleges a claim for negligent misrepresentation against Architects. Specifically, Skanska's crossclaim alleges that Architects negligently supplied to Skanska drawings, specifications, addenda, and bulletins which were incomplete and/or inaccurate; Architects failed to perform its administrative obligations and work in a timely or proper fashion; and Skanska relied to its detriment on the information provided by Architects and Architects' commitment to perform work.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell

Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

Defendant Architects presently argues that the negligent misrepresentation claims against it should be dismissed because Quinn and Skanska failed to comply with Pennsylvania Rule of Civil Procedure 1042.3.

Pennsylvania Rule of Civil Procedure 1042.3 provides:

In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney.

The certificate of merit must state: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate

licensed professional is unnecessary for prosecution of the claim. Pa. R. Civ. P. 1042.3(a)(1)-(3).

Under Pennsylvania Rule of Civil Procedure 1042.6 if plaintiff has not submitted the certificate of merit after sixty days defendant can direct the prothonotary to enter a judgment of non pros. In other words, failure to submit a certificate of merit is fatal to a plaintiff's claim in state court. In the federal system, because there is no procedural mechanism for a defendant to ask the clerk of court to dismiss a claim in a case based on diversity jurisdiction[1] and applying Pennsylvania law, failure to submit the certificate of merit is a possible ground for dismissal when properly presented to the district court in a motion to dismiss.[2] See Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004).

By its terms, Rule 1042.3 applies only where the plaintiff alleges "that a licensed professional deviated from an acceptable professional standard." Therefore, "[m]erely suing a professional does not require a certificate of merit; only suing a professional for violating professional standards does." McElwee Group, 476 F. Supp. 2d at 475. Where the plaintiff does

---

[1] I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between plaintiff Quinn and all defendants.

[2] In Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000), the Court of Appeals determined that a New Jersey statute requiring the filing of an affidavit of merit in professional malpractice cases was substantive state law, and the Pennsylvania certificate of merit rule has been applied by this Court as controlling, substantive state law. See, e.g., McElwee Group, LLC v. Mun. Auth. of Borough of Elverson, 476 F. Supp. 2d 472, 475 n.3 (E.D. Pa. 2007) ("The weight of authority holds that Pennsylvania's certificate of merit requirement is a substantive rule, not a procedural requirement, and thus under Erie Railroad v. Tompkins must be applied by federal courts sitting in diversity.") (citations omitted); Scaramuzza, 345 F. Supp. 2d at 510 ("[T]he Pennsylvania rule is similar to the New Jersey statute in both its language and operation, and the . . . analysis undertaken by the Third Circuit in Chamberlain should apply equally to the Pennsylvania rule.").

not allege any deviation from a professional standard, no certificate is required. See Holbrook v. Woodham, 2007 WL 2071618, at *2 (W.D. Pa. July 13, 2007), citing McElwee Group, 476 F. Supp. 2d at 475.

To determine whether a claim is one of professional or ordinary negligence, Pennsylvania courts examine "the substance of the complaint." Varner v. Classic Cmtys. Corp., 890 A.2d 1068, 1074 (Pa. Super. Ct. 2006). If a cause of action depends upon expert testimony for elucidation, it is one of professional negligence and a certificate of merit is required. Id. at 1074-75. However, where negligence is within the jury's common understanding and requires no expert testimony, plaintiff has alleged only ordinary negligence and Rule 1042.3 does not apply. Id.

Looking to the substance of the negligent misrepresentation claims that defendant Architects seeks to dismiss, I conclude that Rule 1042.3 does not apply. Under Pennsylvania law, negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. Bilt-Rite Contractors, Inc. v. Architectural Studio, 866 A.2d 270, 277 (Pa. 2005), quoting Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999). "It is well-established that, '[a] cause of action in negligence requires allegations that establish the breach of a legally recognized duty or obligation that is causally connected to the damages suffered by the complainant.'" Bilt-Rite, 866 A.2d at 280, quoting Sharpe v. St. Luke's Hosp., 821 A.2d 1215, 1218 (Pa. 2003).

The Pennsylvania Supreme Court in Bilt-Rite adopted the Section 522 of the Restatement

6

(Second) of Torts[3] to clarify the tort of negligent misrepresentation as it applies to those in the business of supplying information where it is foreseeable that the information will be relied upon by third parties.  Bilt-Rite, 866 A.2d at 287.  The Court held:

> [W]e hereby adopt Section 552 as the law in Pennsylvania in cases where information is negligently supplied by one in the business of supplying information, such as an architect or design professional, and where it is foreseeable that the information will be used and relied upon by third persons, even if the third parties have no direct contractual relationship with the supplier of information.  In so doing, we emphasize that we do not view Section 552 as supplanting the common law tort of negligent misrepresentation, but rather, as clarifying the contours of the tort as it applies to those in the business of providing information to others.

Id.  The Court reasoned that "the Section 522 formulation of the tort will serve the overall public interest by discouraging negligence among design professionals, while not requiring any more of

---

[3]Section 552, which is entitled "Information Negligently Supplied for the Guidance of Others," provides:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
>
> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

7

them than is required by the traditional reasonable man and foreseeability tort paradigm applicable to others." Id.

In this case, neither Quinn's complaint nor Skanska's crossclaim asserts that Architects deviated from an acceptable professional standard of care or violated professional standards. Therefore, this case is easily distinguished from the hypothetical case discussed in McElwee and cited by defendant: "If a plaintiff alleges that a building collapsed because the architect deviated from acceptable professional standards, then the plaintiff must include a certificate under the Rule." McElwee, 476 F. Supp. 2d at 474. The negligent misrepresentation claims do not focus on whether the substance of the information provided by the architect fell below the applicable professional standard of care for architects, but on whether defendant Architects (1) a misrepresented a material fact; (2) made such a misrepresentation under circumstances in which it ought to have known its falsity; (3) intended to induce another to act on the misrepresentation; and (4) subjected to injury a party acting in justifiable reliance on the misrepresentation.

Pursuant to these elements of the tort of negligent misrepresentation, in order to succeed on their claims neither Quinn nor Skanska needs to introduce evidence of the professional standard of care for architects because negligent misrepresentation claims proceed under a theory of ordinary negligence. No expert testimony is required in this case, as the negligent misrepresentation claims and the applicable standard of care, that of a traditional reasonable man, are within the jury's common understanding.

Because defendant Architects' motions to dismiss proceed solely on the grounds that Quinn and Skanska failed to file certificates of merit in a timely fashion, Architects' motions will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINN CONSTRUCTION, INC. | : | CIVIL ACTION |
| | : | NO. 07-0406 |
| v. | : | |
| | : | |
| SKANSKA USA BUILDING, INC.; | : | |
| TOD WILLIAMS BILLIE TSEIN | : | |
| ARCHITECTS, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA; HARLEYSVILLE | : | |
| MUTUAL INSURANCE COMPANY | : | |

ORDER

AND NOW, this 10th day of June 2008, upon consideration of defendant Tod Williams Billie Tsein Architects LLP's motion to dismiss the complaint of Quinn Construction, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6), Tod Williams Billie Tsein Architects LLP's motion to dismiss the claims of Skanska USA Building, Inc. pursuant to Rule 12(b)(6), plaintiff Quinn Construction, Inc.'s response, defendant Skanska USA Building, Inc.'s response, Tod Williams Billie Tsein Architects LLP's replies, and the omnibus response of third-party defendant the Trustees of the University of Pennsylvania, it is ORDERED that defendant Tod Williams Billie Tsein Architects LLP's motion to dismiss the complaint of Quinn Construction, Inc. is DENIED and Tod Williams Billie Tsein Architects LLP's motion to dismiss the claims of Skanska USA Building, Inc. is DENIED.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.