```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


QUINN CONSTRUCTION, INC.        :     CIVIL ACTION
                                :
         v.                     :
                                :
SKANSKA USA BUILDING, INC.,     :
et al.                          :     NO. 07-406
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    December 8, 2008

      This is a dispute over the construction of Skirkanich Hall at the University of Pennsylvania.  In the initial complaint, plaintiff Quinn Construction, Inc. ("Quinn"), a concrete subcontractor on the project, sued Skanska USA Building, Inc. ("Skanska"), the general contractor, and Tod Williams/Billie Tsien Architects LLP, the architect, for allegedly causing Quinn to incur delays in completing its work that resulted in contractual penalties.  In its initial answer, Skanska (in addition to making other claims and impleading other defendants) counter-claimed against Quinn and filed a third-party complaint against Harleysville Mutual Insurance Company ("Harleysville"), which had issued two surety bonds for Quinn's performance.

      Harleysville has now moved for summary judgment on the ground that the terms of the bonds do not require it to indemnify Skanska or hold it harmless under any circumstances, and indeed "do not obligate Harleysville to do anything."  Harleysville Mem of Law at 7.  The Court does not agree that the language of the

bonds imposes no obligation on Harleysville and will therefore deny Harleysville's motion.

The two bonds are a performance bond and a labor and material payment bond.  The language of both was drafted by Skanska and both bonds have a similarly convoluted structure and substantially similar language.

Both bonds first set out an obligation owed by Quinn and Harleysville to Skanska and the University of Pennsylvania ("Penn").  They both state that Quinn, as principal, and Harleysville, as surety, are "jointly and severally held and bound" unto Skanska and the University of Pennsylvania ("Penn") as obligees in the sum of $5,903,760 (the same sum for each bond) "for the payment of which" Quinn and Harleysville "jointly and severally bind" themselves and their successors and assigns.

Each bond then incorporates the terms of the contract between Quinn and Skanska and sets out a separate condition under which Quinn and Harleysville's obligation will be excused.

In a "whereas" clause, both bonds state that Quinn and Skanska entered into a contract on August 12, 2004, under which Quinn was to perform part of the construction of Skirkanich Hall. The bonds then incorporate this contract by reference into their terms:  "said Contract and each and every part therof is hereby referred to and by this reference made part hereof with the same full force and effect as if set forth herein."

The performance bond then states that, as a condition

of Quinn and Harleysville's obligation, if Quinn 1) "shall faithfully perform" all its obligations of its August 12, 2004, contract with Skanska "in the manner and within the time set forth therein" (unless properly extended) and if Quinn "shall hold [Skanska and Penn] harmless from any loss or damage occasioned to any person or property" (including Skanska's and Penn's property) and 2) "shall indemnify and hold harmless [Skanska and Penn] from any loss, liability, cost, damage or expense, including attorney's fees, by reason of the failure of performance as specified," then Quinn and Harleysville's "obligation shall be void" but otherwise shall be in full force and effect.

        The labor and material payment bond states that, if Quinn 1) "shall promptly and in full pay" all laborers, subcontractors and suppliers (including Skanska) and pay all taxes, insurance premiums, and other payments "necessary to insure orderly prosecution of work" and "attorneys's fees, interests, or other items or services used in upon, or for, or incurred in connection with the Work to be performed under the Contract" and 2) shall indemnify and hold harmless [Skanska and Penn] from any cost, damage or expense, including attorney's fees, by reason of any failure to do so," then Quinn and Harleysville's "obligation shall be void" but otherwise shall be in full force and effect.

        The bonds both also provide that neither a change to

the terms of the contract nor any exercise by Skanska of its contractual or other remedies in the event of Quinn's default, shall affect Harleysville's obligation under the bonds.

In arguing for summary judgment, Harleysville takes the position that the "plain language" of the bonds "is silent" as to any obligation owed by Harleysville to Skanska and that "under the terms of the Bond[s], Harleysville is not obligated to do anything."  Harleysville reads the conditions of the bonds to impose obligations on Skanska, not Harleysville, and therefore believes the paragraphs setting out those conditions are "essentially meaningless."  Harleysville also argues that the bond does not require Harleysville to indemnify Skanska and says (incorrectly) that the bonds do not mention the term indemnification.  Harleysville Mem. of Law at 7, 11-12, 12.

None of Harleysville's arguments are well taken.  The first paragraphs of both the performance bond and the labor and material payment bond expressly impose an obligation on Harleysville (and Quinn) and state that the two are bound as obligees for the payment of $5,903,760 for each bond.  The bonds then provide that this obligation can be excused if certain conditions occur:  for the performance bond, that Quinn perform its contractual obligations and indemnify and hold harmless Skanska and Penn for any failure to do so; and for the labor and materials bond, that Quinn promptly and fully pay for all labor, materials and other payments required to do the contracted work,

4

and indemnify and hold harmless Skanska and Penn for any failure to do so.

The structure of the bonds is therefore different from an ordinary contract. In most contracts, a party's obligation to perform is triggered only if certain conditions occur. Here, under the terms of the bonds, Quinn and Harleysville's obligation to pay comes into existence when the bond is signed and then is excused only if certain conditions occur. While unusual, this type of language is apparently not uncommon in the construction industry. See 4 Philip L. Bruner & Patrick J. O'Connor, Jr., Bruner and O'Connor on Construction Law § 12:14 (West) ("The performance bond obligation traditionally is expressed in conditional 'defeasance' language, which simply declares a bond obligation null and void upon performance of the bonded contract in conformance with its terms and conditions."); Marilyn Klinger, et al., "Contract Performance Bonds," in The Law of Suretyship (Edward G. Gallagher ed. 2d ed.) ("[T]o this day, many surety bonds continue to include the rather arcane language that was used hundreds of years ago to describe, in seemingly negative fashion, the surety's obligation under the bond.")[1]

At least one decision in this circuit has considered similar language in a surety bond and found it to create a binding obligation that would be discharged "only when the

---

[1] Both publications are excerpted in the Appendix to Skanska's Memorandum of Law.

Contractor has 'promptly and faithfully' performed under the contract." Tudor Dev. Group., Inc. v. U.S. Fid. & Guar. Co., 692 F. Supp. 461, 465 (M.D. Pa. 1988). Tudor cites to an earlier Pennsylvania state court case that also found that similar language in a labor and materials bond created an enforceable contract, which gave a supplier a direct right of action against the bond surety in the event of a contractor's failure to pay for supplies. Pa. Supply Co. v. Nat. Cas. Co., 31 A.2d 453 (Pa. Super. Ct. 1943).

In support of summary judgment, Harleysville cites to a number of cases holding that, under applicable Pennsylvania law, a surety's obligations extend only to the terms of its bond and cannot be extended beyond them. See, e.g., Wise Investments, Inc. v. Bracy Contracting, Inc., 232 F. Supp. 2d 390, 402-403 (E.D. Pa. 2002); N. Am. Specialty Ins. Co. v. Chichester Sch. Dist., 158 F. Supp. 2d 468 (E.D. Pa. 2001) Downingtown Area Sch. Dist. v. Int'l Fid. Ins. Co., 769 A.2d 560, 566 (Pa Commw. Ct. 2001). Wise and Downingtown both involved bonds that by their terms required the surety to pay only for the cost of completing the bonded project; both courts held that the surety could not be liable for liquidated damages or attorneys fees incurred by the contractor for his failure to perform because that obligation was beyond the express terms of the bond. Wise at 403; Dowingtown at 566-68. In Chichester, a school district sought to recover attorneys fees from a surety; the court held that such fees could

be recovered only if allowed under the terms of the bond, regardless of whether they were allowed under the terms of the contract incorporated by reference into the bond, but found that the bond specifically permitted legal fees to be recovered.  <u>Id.</u> at 471-73.

None of these cases are relevant here because, as discussed above, the Court has found that the two bonds at issue create binding obligations on Harleysville that may require it to pay money to Skanska, unless the conditions set forth in the bonds are satisfied.  In doing so, the Court is not extending Harleysville's obligations beyond the express terms of the bonds.  In addition, at this stage of the proceedings, the Court is not defining the precise scope of Harleysville's obligations under the bond, or determining whether that obligation is excused in whole or in part.  The Court's decision to deny summary judgment is based only on its rejection of Harleysville's argument that it has no obligation to Skanska under the surety bonds.

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


QUINN CONSTRUCTION, INC.      :    CIVIL ACTION
                              :
          v.                  :
                              :
SKANSKA USA BUILDING, INC.,   :
et al.                        :    NO. 07-406
```

AND NOW, this 8th day of December, 2008, upon consideration of the Motion for Summary Judgment of Defendant Harleysville Mutual Insurance Company (Docket No. 92), and the response thereto, IT IS HEREBY ORDERED, for the reasons set out in the accompanying memorandum of law, that the motion is DENIED.

```
                         BY THE COURT:


                         /s/ Mary A. McLaughlin
                         MARY A. McLAUGHLIN, J.
```