```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


QUINN CONSTRUCTION, INC.        :    CIVIL ACTION
                                :
        v.                      :
                                :
SKANSKA USA BUILDING, INC.,     :
et al.                          :    NO. 07-406
```

MEMORANDUM

McLaughlin, J.                                          May 26, 2009

      This is a dispute over the construction of Skirkanich Hall at the University of Pennsylvania.  Plaintiff Quinn Construction, Inc. ("Quinn") is a concrete subcontractor on the Skirkanich Hall project.  Quinn alleges, in part, that defendants Skanska USA Building, Inc. ("Skanska"), the general contractor on the project, and Todd Williams/Billie Tsein Architects LLP ("TWBTA"), the project architect, caused Quinn to incur delays in completing its work on the project, which resulted in Quinn becoming liable for contractual penalties.  Quinn's complaint brings claims against Skanska and TWBTA for negligent misrepresentation and breach of contract.

      Skanska answered Quinn's complaint by asserting a counter-claim against Quinn, a cross-claim against TWBTA, and a third-party complaint against the Trustees of the University of Pennsylvania ("Penn"), who had commissioned the project, and Harleysville Mutual Insurance Company, the issuer of the surety bond for Quinn's performance.  Skanska's cross-claim against

TWBTA sought indemnity for any amounts for which Skanska was liable to Quinn and also brought a separate claim of negligent misrepresentation against TWBTA.

Earlier in this litigation, TWBTA moved to dismiss both Quinn's claims and Skanska's cross-claims against it on the ground that neither Quinn nor Skanska had filed a certificate of merit, as required under applicable state law for a claim of professional negligence.  In a Memorandum and Order dated June 10, 2008, this Court, the Honorable Thomas N. O'Neill, Jr., then presiding, denied TWBTA's Motion.  The Court found that both the language and the substance of Quinn's complaint and Skanska's cross-claim alleged only claims for negligent misrepresentation and not claims for professional negligence and the applicable state rule, Pennsylvania Rule of Civil Procedure 1042.3, was therefore inapplicable.  The Court concluded:

> [I]n order to succeed on their claims [of negligent misrepresentation] neither Quinn nor Skanska needs to introduce evidence of the professional standard of care for architects because negligent misrepresentation claims proceed under a theory of ordinary negligence.  No expert testimony is required in this case, as the negligent misrepresentation claims and the applicable standard of care, that of a traditional reasonable man are within the jury's common understanding.

Memorandum of June 10, 2008, at 8.

On the basis of this ruling TWBTA now seeks to preclude Quinn and Skanska from introducing any expert evidence at trial

2

as to the professional standard of care for architects or as to causation.  Neither Quinn nor Skanska had yet produced their expert reports at the time TWBTA's motion was filed,[1] and TWBTA, therefore, is not seeking to exclude any specific opinion.  Instead, TWBTA is making a general challenge to any expert opinion Quinn or Skanska may offer as to the standard of care owed by TWBTA:  "Having argued that their claims were not premised upon professional liability theories, and having obtained the benefit of their arguments in avoiding the dismissal of their claims against TWBTA . . ., Quinn and Skanska must now be bound by the Court's ruling and precluded from introducing any expert testimony against TWBTA on the issues of standard of care or causation."  TWBTA Mot. at 4.

The Court will deny TWBTA's motion, finding that the Court's prior ruling (which TWBTA does not challenge and which is the law of the case) does not necessarily require the preclusion of expert testimony on behalf of Quinn or Skanska.  The Court's ruling, however, is without prejudice to TWBTA's ability to challenge the admissibility of Quinn and Skanska's expert testimony on other grounds.

---

[1]   In its reply brief, TWBTA says that Quinn produced expert reports after its motion was filed and that TWBTA anticipates filing motions in limine to address the specifics of those reports.

The crux of TWBTA's motion is the effect of Pennsylvania Rule of Civil Procedure 1042.3. Subsection (a) of that rule provides that:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a). The comment to subsection (a)(3) states that:

> In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an

4

>     expert on the questions of standard of care
>     and causation.

Note to Pa. R. Civ. P. 1042.3(a)(3).

Under state law, the failure to file a certificate of merit in a case that falls under Rule 1042.3 requires the dismissal of the case for failure to prosecute. See Pa. R. Civ. P. 1042.6; Varner v. Classic Communities Corp., 890 A.2d 1068, 1073 (Pa. Super. Ct. 2006). State statutes requiring the filing of a certificate of merit in professional liability actions are substantive law that must be applied by a federal court sitting in diversity. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (considering New Jersey statute). Federal courts have, accordingly, applied Rule 1042.3 to diversity cases alleging professional liability under Pennsylvania law. See Stroud v. Abington Mem. Hosp., 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008) (collecting cases).

TWBTA argues that allowing Quinn and Skanska to proffer expert testimony about the standard of care, after their claims were found to not involve allegations of professional negligence and to not require a certificate of merit under Rule 1042.3(a), would allow Quinn and Skanska to "circumvent" the requirements of the Rule and "avoid the consequences" of their prior arguments. TWBTA contends that the comment to subsection (a)(3) of the Rule makes clear that parties who have certified that an expert is not necessary for the prosecution of their claims should be precluded

from presenting expert testimony on the standard of care or causation.

TWBTA's argument is misplaced.  The comment to Rule 1042.3 upon which TWBTA relies does not apply to the situation here by its own terms.  Under Rule 1042.3, a plaintiff making allegations that a licenced professional deviated from professional standards must file a certificate of merit.  Ordinarily, such a certificate of merit must state that a licenced professional has provided the plaintiff with a written statement that there is merit to the allegations of negligence.  Pa. R. Civ. P. 1042.3(a)(1).  Subsection 1042.3(a)(3), however, allows a plaintiff to file a certificate of merit stating that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim."  The comment upon which TWBTA relies states clearly that it applies only "[i]n the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim."

The comment, therefore, only applies to parties who have brought claims of professional negligence and are required to file a certificate of merit under Rule 1042.3, but who expressly certify that they can prove their claims without expert testimony.  Only in those circumstances does the comment say that a party should be precluded from later presenting expert testimony.  Quinn and Skanska, having been previously found by this Court to not be bringing claims of professional negligence

and to not be required to file a certificate of merit, are outside the scope of the comment.

TWBTA's argument that allowing Quinn and Skanska to proffer expert testimony would be inconsistent with this Court's prior ruling is also misplaced.  In its prior Memorandum finding that Quinn and Skanska's claims were not based on professional negligence and not subject to Rule 1042.3, the Court determined that expert testimony was not required for Quinn and Skanska to prove their claims.  The finding that expert testimony was not required does not necessarily imply that expert testimony cannot be permitted, if that testimony otherwise complies with the Federal Rules of Evidence.  If such testimony would "assist the trier of fact to understand the evidence or to determine a fact in issue," as required for expert testimony to be admissible under Federal Rule of Evidence 702, and if it satisfies the other requirements for admissibility under those Rules, then such testimony would be admissible, regardless of the Court's prior ruling on whether a certificate of merit was required under Rule 1042.3.

In its reply brief, TWBTA suggests that any expert testimony proffered by Quinn or Skanska would necessarily be either irrelevant, and therefore to be precluded under Federal Rule of Evidence 402, or would risk confusing or misleading a jury, and therefore to be precluded under Federal Rule of Evidence 403.  In light of the Court's ruling that professional

7

negligence is not at issue in Quinn or Skanska's claims, it is possible that expert testimony concerning an architect's standard of care or causation could be irrelevant or unhelpful.  That issue, however, cannot be determined in the abstract.  The Court can only evaluate issues of relevance or prejudice in this case with respect to the actual opinions of identified experts as to specific issues.

      The Court will, therefore, deny TWBTA's motion to preclude.  This denial will be without prejudice to TWBTA's right to challenge the admissibility of the opinions of Quinn or Skanska's experts under Federal Rules of Evidence 402, 403, 702 or any other relevant rule, once those expert opinions are disclosed.

      An appropriate Order will be issued separately.